IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JANE DOE, as Mother and friend of JOHN DOE, a minor,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ROBYE PATTERSON and LIMESTONE COUNTY BOARD OF EDUCATION,** )<br>)<br>)<br>)<br>**Defendants.** ) | **CASE NO. 5:22-cv-00835-HNJ** |

**SECOND AMENDED COMPLAINT**

COMES NOW, Plaintiff, Jane Doe, as mother and next friend of John Doe, a minor, via pseudonym, files this Second Complaint against Defendants, Robye Patterson and Limestone County Board of Education, and in support thereof, states as follows:

**PARTIES**

1. Plaintiff Jane Doe (hereinafter "Plaintiff") as mother and next friend of John Doe, a minor, is above the age of nineteen (19) years and is a resident of Limestone County, Alabama.

2. Defendant Robye Patterson (hereinafter "Patterson" or "Defendant") is an individual above the age of nineteen (19) years and is a resident of Limestone

1

County, Alabama. At all times relevant hereto, Patterson was an Instructional Aide at East Limestone High School at 15641 East Limestone Road, Athens, Limestone County, Alabama. Patterson is being sued in her individual capacity.

3. Defendant Limestone County Board of Education (hereinafter the "Board" or "Defendant") is operating as East Limestone County High School (the "School").

## JURISDICTION AND VENUE

4. Paragraphs 1 through 3 are incorporated herein as if set out in full.

5. Given the amount in controversy and the nature of claims plead *infra*, this Court has subject matter jurisdiction over this matter.

6. This Court has personal jurisdiction over the Defendants.

7. Pursuant to RULE 82(b)(2) of the ALABAMA RULES OF CIVIL PROCEDURE, venue is proper in this Court with respect to Defendants as this is the judicial district in which a substantial part of the events which have given rise to the claims, plead *infra*, occurred.

8. The Defendant removed this case to the U.S. District Court of the Northern District of Alabama on July 6, 2022, based on federal question jurisdiction.

## FACTS

9. Paragraphs 1 through 8 are incorporated herein as if set out in full.

10. John Doe was a twelve-year-old male attending school at East

Limestone County High School at 15641 East Limestone Road, Athens, Limestone County, Alabama.

11. John Doe has never attacked another student or any teacher.

12. Robye Patterson was hired on as an Instructional Aide with East Limestone County High School in 2020. However, she did not have any restraint training to help with special needs students.

13. Specifically, Limestone County Board of Education did not provide Robye Patterson with any kind of restraint training to instruct her how to assist with special needs student like the Plaintiff John Doe.

14. John Doe is a non-verbal child with autism and is developmentally delayed. He has an Individualized Education Plan ("IEP") which includes being self-contained in a special education classroom and receiving speech therapy and occupational therapy.

15. In early November 2021, Jane Doe found bruises on John Doe's arms, legs and buttocks after he had returned home from the School. Jane Doe suspected Patterson was abusive towards John Doe.

16. On or about November 15, 2021, Jane Doe met with East Limestone County High School administration, including Principal Louis Berry.

17. Jane Doe was told by Principal Berry during the meeting that she needed to keep John Doe home because his teachers needed a break from him. John

Doe is not a violent child.

18. On November 23, 2021, Jane Doe received a phone call from a teacher who informed Jane Doe that Patterson was abusing children at School, including her son, John Doe.

19. The incident was referred to the Office of Human Resources ("DHR") and the East Limestone County Sheriff's Office ("LCSO") for investigation.

20. Investigator Kristin King, with the Limestone County Sheriff's Office, told Jane Doe they had found "a number of red flags," including, but not limited to a failure to report incidents to parents, DHR, or LCSO, which led to "a series of systematic failures" by the Board.

21. Investigator King told John Doe's mother that the school had previously investigated Ms. Patterson for abuse but did nothing to report the investigation to DHR or the parents, including the parent of John Doe.

22. The Board had a policy and practice of not reporting allegations of child abuse to the proper authorities or to parents allowing the abuse of John Doe to continue.

23. John Doe's mother filed an Alabama Uniform Incident/Offense Report with the Limestone County Sheriff's Office relating to the incident.

24. Patterson was arrested by the LCSO on March 4, 2022 and charged with assault in the third degree.

25. Defendant Patterson was an Instructional Aide who was responsible for protecting, supervising, disciplining and assisting students at the Board. At all times relevant hereto, Patterson acted under the authority of the Board.

26. Patterson failed to follow John Doe's "IEP" by abusing him.

27. Patterson deliberately harassed and physically abused Plaintiff by purposefully causing bruising on his arms, legs and buttocks. This abuse has caused Plaintiff to suffer severe ongoing emotional and mental anguish.

28. Patterson's abuse was a form of excessive physical punishment of a child in her care and custody in violation of John Doe's Constitution.

29. The Board implemented various policies such as not providing training for teacher's aids, including Patterson, in how to handle disabled children like John Doe, and investigating complaints of child abuse by its employees without reporting the allegations to proper authorities or parents that directly resulted in the violation of John Doe's rights under the U.S. Constitution.

30. Patterson's failure to protect John Doe violated the Board's own policies and procedures regarding supervision of students and protecting students from harassment and assault.

31. John Doe's physical injuries and subsequent mental condition was directly caused and/or exacerbated by the assault inflicted upon him by Defendants Patterson and the Board.

## CAUSES OF ACTION

### COUNT I
### Assault
### (As to Defendant Patterson)

32. Paragraphs 1 through 31 are incorporated herein as if set out in full.

33. Defendant Robye Patterson, while acting in the line and scope of her duties as an Instructional Aide at East Limestone County High School, assaulted Plaintiff by causing offensive and unwanted contact and thereby committed a "trespass to person" as the phrase is used in ALA. CODE § 6-2-34(1).

34. As a direct and proximate result of the unreasonable and illegal actions of Robye Patterson, Plaintiff has suffered physical and mental anguish and severe emotional distress.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory and punitive damages against Defendant Patterson in an amount within the jurisdiction of this Court, plus costs of this action, interest, and all other relief, including equitable, that this Court deems justified and proper.

### COUNT II
### Invasion of Privacy
### (As to Defendant Patterson)

35. Paragraphs 1 through 31 are incorporated herein as if set out in full.

36. Defendant Robye Patterson, while acting in the line and scope of her duties as an Instructional Aide for East Limestone County High School, invaded

Plaintiff's privacy by causing multiple physical intrusions on his person.

37. As a direct and proximate result of the unreasonable and illegal actions by Defendants, Plaintiff has suffered physical and mental anguish and severe emotional distress.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory and punitive damages against Defendant Patterson in an amount within the jurisdiction of this Court, plus costs of this action, interest, and all other relief, including equitable, that this Court deems justified and proper.

## COUNT III
### Negligence
**(As to Defendant Patterson)**

38. Paragraphs 1 through 31 are incorporated herein as if set out in full.

39. Defendant Robye Patterson, while acting in the line and scope of her duties as an Instructional Aide for East Limestone County High School, owed a duty to Plaintiff to treat him with respect, accord, and consideration as to any person in a civilized society.

40. Defendants negligently breached this duty to Plaintiff, and, as a consequence, caused Plaintiff harm.

41. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered severe mental anguish which was, perhaps, an unintended consequence of Defendant's negligent actions.

7

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory damages against Defendant Patterson in an amount within the jurisdiction of this Court, plus costs of this action, interest, and all other relief, including equitable, that this Court deems justified and proper.

### COUNT IV
### Recklessness/Wantonness
### (As to Defendant Patterson)

42. Paragraphs 1 through 31 are incorporated herein as if set out in full.

43. Defendant Patterson, while acting in the line and scope of her duties as an Instructional Aide for East Limestone County High School, owed a duty to Plaintiff to treat him with respect, accord, and consideration as to any person in a civilized society.

44. Defendant recklessly and/or wantonly breached this duty to Plaintiff, and as consequence, caused Plaintiff harm.

45. As a direct and proximate result of Defendant's reckless and/or wanton conduct, Plaintiff has suffered severe mental anguish.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory and punitive damages against Defendant Patterson in an amount within the jurisdiction of this Court, plus costs of this action, interest, and all other relief, including equitable, that this Court deems justified and proper.

## Count V
## Battery
## (As to Defendant Patterson)

46. Paragraphs 1 through 31 are incorporated by reference herein as if set out in full.

47. While John Doe, was enrolled at East Limestone County High School, Defendant, Robye Patterson, while acting within the line and scope of her employment with the Board, wrongfully wrought harmful and offensive contact on John Doe's person.

48. As a direct and proximate result of Defendant Patterson's conduct, John Doe was caused to suffer personal injury and severe emotional distress.

49. Defendant, Board, is liable for the conduct of Robye Patterson under the doctrine of *respondeat superior* and because, on aforementioned belief, knew or should have known of Robye Patterson's abuse of students.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant Robye Patterson for compensatory and punitive damages, interest, costs of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## Count VI
## Tort of Outrage (a.k.a. Intentional Infliction of Emotional Distress)
## (As to Defendant Patterson)

50. Paragraphs 1 through 31 are incorporated by reference herein as if fully set forth.

51. While enrolled as a student at East Limestone County High School, John Doe was subjected to conduct so outrageous in character and so extreme in degree as to transcend all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

52. The actions referred to herein were intentional on the part of Defendant, Robye Patterson, acting within the line and scope of her employment with Defendants, Limestone County Board of Education, so as to cause John Doe to suffer severe emotional distress or with reckless disregard as to the effect of such conduct.

53. As a direct and proximate result of such extreme and outrageous conduct by Robye Patterson, acting within the line and scope of her employment with Defendant, Board, John Doe suffered mental and physical anguish, and severe emotional distress.

54. Defendant, Board, is liable for the conduct of Robye Patterson under the doctrine of *respondeat superior* and because, on aforementioned belief, knew or should have known of Robye Patterson's abuse of students.

WHEREFORE, the Plaintiff prays that judgment be entered against Defendant Robye Patterson for compensatory and punitive damages, interest, costs

of this action, and such other legal and equitable relief as this Court deems necessary and proper.

## COUNT VII
## 42 U.S.C. § 1983
## [Violation of 5th and 14th Amendment, Substantive Due Process, 42 U.S.C. § 1983]
### (As to Defendants Patterson and Limestone County Board of Education)

55. Paragraphs 1 through 31 are incorporated herein as if set out in full.

56. The abuse, harassment and intimidation toward Plaintiff John Doe occurred on Board property and while he was under the authority and control of Defendant Patterson.

57. The policies put in place by the Defendant Board directly resulted in the harassment and abuse of the Plaintiff.

58. Defendant Patterson, acting under color of state law and using her authority as an Instructional Aide, assaulted him in violation of his constitutional right to bodily integrity as guaranteed by the Substantive Due Process provisions found in the 5th and 14th Amendments. As a proximate consequence thereof, Plaintiff has been damaged, as he has been caused to suffer physical injury, severe emotional distress, anguish, embarrassment, humiliation, anxiety, frustration, stress, trauma and concern.

59. Defendant Board's policies and Patterson's assault of Plaintiff John Doe was an exercise of punishment in violation of his Constitutional Rights.

60. Plaintiff is entitled to an award of compensatory and punitive damages against him in his individual capacity.

WHEREFORE, the above premises considered, Plaintiff demands judgment for compensatory and punitive damages against Defendants Robye Patterson and Limestone County Board of Education in an amount within the jurisdiction of this Court, plus costs of this action attorneys' fees, interest, and all other relief, including equitable, that this Court deems justified and proper.

Respectfully submitted on this the 1st day of November 2022.

/s/ Eric J. Artrip
Teri Ryder Mastando (ASB-4507-E53T)
Eric J. Artrip ((ASB-9673-I68E)
MASTANDO & ARTRIP, LLC
301 Washington Street NW, Suite 302
Huntsville, Alabama 35801
Telephone: (256) 532-2222
Facsimile: (256) 513-7489
*teri@mastandoartrip.com*
*artrip@mastandoartrip.com*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this the 1st day of November 2022, I electronically filed the foregoing with the Clerk of Court and have caused a copy of same to be served upon the following by electronic service, by facsimile or by placing a copy of same in the United States mail, postage prepaid and properly addressed.

Taylor P. Brooks, Esq.
Zachary B. Roberson, Esq.
*Attorneys for Defendant, Limestone County Board of Education*
LANIER FORD SHAVER & PAYNE P.C.
P.O. Box 2087
Huntsville, AL 35804
*tpb@lanierford.com*
*zbr@lanierford.com*

Mark S. Boardman, Esq.
Clay R. Carr, Esq.
*Attorneys for Defendant Robye Patterson*
BOARDMAN, CARR, PETEL, WATKINS & OGLE, P.C.
400 Boardman Dr.
Chelsea, AL 35043-8211
*mboardman@boardmancarr.com*
*ccarr@boardmancarr.com*

                         */s/ Eric J. Artrip*
                         Eric J. Artrip