IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE, as Mother and Next Friend of JOHN DOE, a minor,<br><br>Plaintiff,<br><br>vs.<br><br>ROBYE PATTERSON and LIMESTONE COUNTY BOARD OF EDUCATION,<br><br>Defendants. | Case No. 5:22-cv-835-HNJ |

**LIMESTONE COUNTY BOARD OF EDUCATION'S
ANSWER TO PLAINTIFF'S SECOND AMENDED
COMPLAINT AND AFFIRMATIVE DEFENSES**

Comes Now the Limestone County Board of Education (hereinafter "the Board") and answers the Plaintiff's Second Amended Complaint and asserts Affirmative Defenses as follows:

**ANSWER**

1. Admitted.

2. The Board admits that it formerly employed Robye Patterson as an aide at East Limestone High School. All other allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint are denied.

3. The Board admits that it is a county board of education which operates pursuant to Alabama Code § 16-8-1, *et seq* and owns East Limestone High School. All other allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint are denied.

4. The Board reasserts and incorporates herein its responses to paragraphs 1-3 as stated above.

5. Paragraph 5 of Plaintiff's Second Amended Complaint is a legal conclusion which requires no response. To the extent any response is required, this paragraph is denied.

6. Paragraph 6 of Plaintiff's Second Amended Complaint is a legal conclusion which requires no response. To the extent any response is required, this paragraph is denied.

7. Paragraph 7 of Plaintiff's Second Amended Complaint is a legal conclusion which requires no response. To the extent any response is required, this paragraph is denied.

8. Admitted.

9. The Board reasserts and incorporates herein its responses to paragraphs 1-8 as stated above.

10. The Board admits that John Doe attended East Limestone High School. All other allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint are denied.

11. Denied.

12. The Board admits that it hired Robye Patterson as an aide at East Limestone High School in or around 2020. All other allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint are denied.

13. The Board admits that it hired Robye Patterson as an aide at East Limestone High School in or around 2020. All other allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint are denied.

14. The Board admits that John Doe is a student with special needs and has an Individualized Education Plan (IEP). All other allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint are denied.

15. The Board lacks sufficient information to admit or deny the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint and, therefore, these allegations are denied.

16. The Board admits that Louis Berry and other Board employees had a meeting with Jane Doe in or around November 2021 to discuss a behavior plan for John Doe. All other allegations contained in paragraph 16 of Plaintiff's Second

Amended Complaint are denied.

17. Denied.

18. The Board lacks sufficient information to admit or deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint and, therefore, these allegations are denied.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. The Board lacks sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint and, therefore, these allegations are denied.

24. The Board admits that Robye Patterson was arrested and charged with a crime. All other allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

33. Denied.

34. Denied.

The Board denies that Plaintiff is entitled to any relief.

35. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

36. Denied.

37. Denied.

The Board denies that Plaintiff is entitled to any relief.

38. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

39. Paragraph 39 of Plaintiff's Second Amended Complaint is a legal conclusion which requires no response. To the extent any response is required, this paragraph is denied.

40. Denied.

41. Denied.

The Board denies that Plaintiff is entitled to any relief.

42. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

43. Paragraph 43 of Plaintiff's Second Amended Complaint is a legal conclusion which requires no response. To the extent any response is required, this paragraph is denied.

44. Denied.

45. Denied.

The Board denies that Plaintiff is entitled to any relief.

46. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

47. Denied.

48. Denied.

49. Denied.

The Board denies that Plaintiff is entitled to any relief.

50. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

The Board denies that Plaintiff is entitled to any relief.

55. The Board reasserts and incorporates herein its responses to paragraphs 1-31 as stated above.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

The Board denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. The Second Amended Complaint fails to state a claim upon which relief may be granted.

2. The Board is entitled to sovereign immunity from any and all claims asserted by Plaintiff pursuant to the Eleventh Amendment to the United States Constitution.

3. The Board is entitled to immunity from the claims asserted by Plaintiff in the Second Amended Complaint pursuant to Article I, Section 14 of the Alabama Constitution.

4. The Board may not be held liable for any alleged conduct toward Plaintiff under the doctrine of *respondeat superior*.

5. The Board did not authorize, ratify, or condone any unconstitutional conduct by Robye Patterson.

6. There is no causal connection between any act or omission of the Board and any violation of Plaintiff's constitutional rights.

7. The Board did not act with deliberate indifference.

8. There existed no persistent pattern of violations that would have placed the Board on notice of a need to adopt new or different policies, training, or methods of supervision of subordinate personnel.

9. To the extent Plaintiff purports to assign liability to the Board on the basis of a failure to train, the Board did not train and/or fail to train Board personnel as alleged in this lawsuit.

10. Plaintiff has failed to mitigate the damages allegedly sustained.

11. Plaintiff's claims are barred in whole or in part by all applicable statutes of limitations.

12. The amount of money that Plaintiff can recover from the Board is subject to the limitations as provided in 42 U.S.C. § 1983, 42 U.S.C. § 1988, and other applicable statutes.

13. Plaintiff failed to exhaust his administrative remedies.

14. Applicable law prohibits the recovery of punitive damages from the Board.

15. All decisions which Plaintiff challenges in this action were made in good faith and in conformity with applicable policies.

16. Plaintiff's claims are time barred.

17. Each and every action taken by the Board, and each and every decision challenged in the Second Amended Complaint, was rationally related to a legitimate state interest.

18. The Board asserts the affirmative defenses of waiver and estoppel.

19. The Board denies that any of the conduct alleged in the Second Amended Complaint was a proximate cause, the sole reason or cause for, or a motivating factor of Plaintiff's alleged injuries and damages.

20. Plaintiff's damages, if any, are *de minimis*.

21. The Board is entitled to immunity from some or all of the claims in the Second Amended Complaint.

22. The Board is not liable for any alleged conduct toward Plaintiff under the doctrine of *respondeat superior* and the Limestone County Board of Education did not authorize, ratify, or condone any such alleged conduct by others.

23. The Board was not deliberately indifferent to Plaintiff's rights under the United States Constitution.

24. The Board has at all times acted in good faith compliance with all federal and state laws; the Board has not intentionally or willfully violated Plaintiff's rights in any manner or acted maliciously or with reckless or deliberate indifference with respect to any student; and at no time has the Board acted with any intent to inure any student, including the Plaintiff.

25. The Board asserts the <u>Monnell</u> doctrine. The Board cannot be held liable because Plaintiff's rights were not violated by a policy or custom of the Board.

26. The Board avers that Plaintiff has failed to state a claim under either the Fourteenth Amendment to the United States Constitution.

27. No policy, custom, or practice of the Limestone County Board of Education was involved in any alleged wrongful acts alleged in the Second Amended Complaint.

28. The Board is entitled to sovereign immunity.

29. The Board pleads the defense of legislative immunity.

30. Every action taken by the Board and each and every decision challenged in the Second Amended Complaint was rationally related to a legitimate state interest.

31. The Board states that, as an agency of state government, it is not subject to suit under 42 U.S.C. § 1983.

32. The Supreme Court has made clear that the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm. Thus, the Fourteenth Amendment is not a font of tort law that can be used through Section 1983 to convert state tort claims into federal causes of action.

33. Nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. For purposes of substantive due process, a constitutional duty of protection can only arise where the state has a custodial relationship with an individual typically arising from such circumstances as incarceration in prison or involuntary commitment in a mental institution. While at school, students are *not* in a custodial relationship with the state.

34. Conduct by a government actor will rise to the level of a substantive due process violation only if the act can be characterized as arbitrary or conscience-shocking in a constitutional sense. The conduct of the Board in this matter did not

rise to the conscience-shocking level.

35. The Plaintiff failed to mitigate damages.

36. The Board did not take a materially adverse action against the Plaintiff.

37. Plaintiff did not engage in protected conduct.

38. The Board does not owe any duty to the Plaintiff to protect or shield Plaintiff from damages or harm caused by a third party.

39. All allegations in Plaintiff's Second Amended Complaint not expressly admitted herein are denied.

40. The Plaintiff failed to exhaust administrative remedies under the Individuals with Disabilities Education Improvement Act of 2004 (IDEA)

41. The amount of force used by Robye Patterson was not obviously excessive under the circumstances.

42. The amount of force used by Robye Patterson did not present a reasonably foreseeable risk of bodily injury.

43. An award of punitive damages would amount to and constitute a denial of due process afforded by the Due Process Clause of the United States Constitution, based upon the following separate and several grounds and circumstances:

(a) Any award of punitive damages against the Board under the evidence in this case would necessarily be based upon an evidentiary standard no higher or more than a standard of simple negligence, and not upon a standard of proof beyond a reasonable doubt;

(b) There is a lack of reasonable standard necessary to instruct the jury on the propriety and amount of any punitive damages award, and such an award is subject to no predetermined limits;

(c) Any punitive damages award would not be subject to post-trial and appellate review on the basis of suitable and sufficient objective standards and criteria;

(d) The power and authority imposed upon the jury as to the amount of punitive damages award is so relatively unfettered that there is lacking any reasonable or logical standard, uniform criteria, or guidance in the assessment of the amount of the award of punitive damages;

(e) There is no objective, logical, or rational relationship between the award, or the amount of the award, of punitive damages and the Board's alleged wrongful or culpable conduct;

13

(f) There is no objective or rational criteria for the amount of the award of punitive damages as relates or compares to the assessment of compensatory damages, or amount of compensatory damages;

(g) There is no objective, logical or reasonable standard or criteria which governs the award, or the amount of the award, of punitive damages;

(h) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against any Defendant;

(i) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(j) The procedures pursuant to which punitive damages are awarded failed to provide a clear post-trial or appellate standard of review for an award of punitive damages;

(k) The procedures pursuant to which punitive damages are awarded may permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined; and

(*l*) An award of punitive damages would constitute an arbitrary and capricious taking of property of Defendants without due process of law.

The Board reserves the right to assert additional affirmative defenses as they become evident through discovery or investigation.

/s/ Taylor P. Brooks
Taylor P. Brooks
Zachary B. Roberson
*Attorneys for Defendant*
*Limestone County Board of Education*

OF COUNSEL
**LANIER FORD SHAVER & PAYNE P.C.**
Post Office Box 2087
Huntsville, Alabama 35804
(256) 535-1100
tpb@lanierford.com
zbr@lanierford.com

# CERTIFICATE OF SERVICE

I hereby certify that I have filed the foregoing upon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Teri Ryder Mastando
Eric J. Artrip
Mastando & Artrip, LLC
301 Washington Street, Suite 302
Huntsville, Alabama 35801
teri@mastandoartrip.com
artrip@mastandoartrip.com

Mark S. Boardman
Clay R. Carr
BOARDMAN, CARR, PETELOS, WATKINS & OGLE, P.C.
400 Boardman Drive
Chelsea, Alabama 35043-8211
mboardman@boardmancarr.com
ccarr@boardmancarr.com

On this the 14th day of November, 2022.

/s/ Taylor P. Brooks
Of Counsel