FILED
2022 Nov-15 PM 02:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JANE DOE, as Mother and Next friend of JOHN DOE, a minor, ) ) ) Plaintiff, ) ) vs. ) ) ROBYE PATTERSON and ) LIMESTONE COUNTY ) SCHOOLS, ) ) Defendants. ) | CASE NO. 5:22-cv-835-HNJ |

## ANSWER TO SECOND AMENDED COMPLAINT

COMES NOW the Defendant identified in the above-styled cause as Robye Patterson and in answer to the Plaintiff's Second Amended Complaint (Doc. 29), states as follows:

1. The Defendant is innocent of the allegations made against her; pleads the general issue; denies all material averments of the Plaintiff's Second Amended Complaint and demands strict proof of all allegations.

2. The allegations in the Second Amended Complaint are false and the Defendant is innocent of the allegations against her.

3. The Defendant pleads that the case is not prosecuted by the real party in interest and the Plaintiff lacks standing.

4. The Defendant denies that she assaulted the Plaintiff and states that the alleged facts, even if proved, do not establish the legal elements of assault.

5. The Defendant denies invading the Plaintiff's privacy and states that the alleged facts, even if proved, do not establish the legal elements of any form of invasion of privacy.

6. The Defendant denies any negligence or breach of any duty owed to the Plaintiff.

7. The Defendant denies acting recklessly or wantonly at any time relevant to the Second Amended Complaint.

8. The Defendant denies committing any battery upon the Plaintiff, and states that the alleged facts, even if proved, do not establish the legal elements of battery.

9. The Defendant denies any intentional act by her that resulted in or inflicted emotional distress upon the Plaintiff, and states that the facts alleged, if proved, do not establish the legal elements of intentional infliction of emotional distress as that tort has been narrowly defined by Alabama courts.

10. The Defendant denies that any action or inaction by her violated the Plaintiff's civil rights, including any right of procedural or substantive due process or equal protection.

11. The Defendant denies that the Plaintiff suffered any damages as a result of the Defendant's actions or inaction, or that the Plaintiff is entitled to any award of damages against the Defendant.

12. The Defendant denies that the Plaintiff may recover punitive damages based on the facts alleged.

13. The Defendant denies that the Plaintiff is entitled to or may recover interest, costs, attorneys' fees, or equitable relief, and states that the Second Amended Complaint fails to state a cause of action for such relief.

14. The Defendant denies that the Plaintiff suffered any injury as the result of alleged action or inaction by the Defendant.

15. The Defendant met the applicable standard of care and complied at all times with all requirements of the policies of the Limestone County Board of Education.

16. At all times relevant to the Plaintiff's claims, the Defendant was performing her official duties, within the scope of her discretionary authority, through means she was authorized to use.

17. At all times relevant to the Plaintiff's claims, the Defendant exercised judgment in performing her official duties for educating and supervising students as an employee of the Limestone County Board of Education.

18. The Defendant pleads sovereign immunity, state immunity, qualified immunity, State-agent immunity, schoolmaster's immunity, and statutory immunity under state and federal law.

19. As an educator in a public school system, the Defendant stood *in loco parentis* to the Plaintiff at all times relevant to the Plaintiff's claims. The Plaintiff's claims must therefore be proved by clear and convincing evidence and not by any lesser standard.

20. The Defendant denies any breach of professional duty.

21. The Defendant denies any violation of law or any violation of policies of the Limestone County Schools.

22. The Defendant denies that any injury or damage alleged by the Plaintiff was the result of willful, malicious or fraudulent action by the Defendant, or that the Defendant acted at any time in bad faith, beyond her authority, or under any mistaken interpretation of the law.

23. The Defendant pleads the immunity provisions of the Federal No Child Left Behind Act, 20 U.S.C. §§6731, *et. seq*.

24. The Defendant pleads all applicable caps on damages under federal or state law.

25. The Defendant pleads that each and every alleged inaction, action, and/or decision challenged in the Second Amended Complaint was rationally related to a legitimate State interest.

26. The Defendant pleads the defenses of consent, implied consent, privilege, and conditional privilege.

27. The Defendants pleads the defense of justification.

28. The Defendant pleads the schoolmaster's defense.

29. The Defendant pleads lack of proximate cause.

30. The Defendant pleads superceding, intervening cause.

31. The Plaintiff has failed to exhaust administrative remedies.

32. The Defendant pleads self defense.

33. The Defendant pleads defense of others.

34. The Defendant pleads the defenses of *in pari delicto* and unclean hands.

35. The Defendant pleads the defense of *particeps criminus*.

36. The Defendant pleads that her actions were authorized by statute and that she was executing a public duty.

37. The Plaintiff seeks punitive damages. The Defendant states that the Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

a. Plaintiff's claim for punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to criminal defendants; and

b. Plaintiff's claim for punitive damages violates the Defendant's right to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount of an award of punitive damages; and

d. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it would constitute a deprivation of property without due process of the law; and

f. Plaintiff's claim for punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it would permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

g. Plaintiff's claim for punitive damages violates the Eighth Amendment of the United States Constitution in that it would constitute excessive fines as well as cruel and unusual punishment; and

38. The Plaintiff's claim for punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

   a. Plaintiff's claim for punitive damages would impose punitive damages, which are penal in nature, against a civil defendant which would deprive the civil defendant of the same procedural safeguards afforded to criminal defendants; and

   b. Plaintiff's claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

   c. Plaintiff's claim for punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

   d. Plaintiff's claim for punitive damages is unconstitutionally vague; and

   e. Plaintiff's claim for punitive damages would constitute a deprivation of property without due process of the law; and

   f. Plaintiff's claim for punitive damages would permit the imposition of punitive damages in a civil case in excess of the maximum criminal fine established by Title 13 of the Alabama Code for the same or similar conduct.

<pre>
                                        /s/ Clay R. Carr
                                        Mark S. Boardman (BOA001)
                                        Clay R. Carr (CAR086)
                                        BOARDMAN, CARR, PETELOS,
                                           WATKINS & OGLE, P.C.
                                        400 Boardman Drive
                                        Chelsea, Alabama 35043
                                        Telephone:  (205) 678-8000
                                        Facsimile:   (205) 678-0000
                                        mboardman@boardmancarr.com
                                        ccarr@boardmancarr.com

                                        ***Attorneys for Defendant Robye Patterson***
</pre>

## CERTIFICATE OF SERVICE

I hereby certify that on this **15th** day of **November, 2022**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Teri Ryder Mastando, Esq. | Taylor P. Brooks, Esq. |
| Eric J. Artrip, Esq. | Zachary B. Roberson, Esq. |
| MASTANDO & ARTRIP, LLC | Lanier Ford Shaver & Payne, P.C. |
| 301 Washington Street NW, Ste. 302 | Post Office Box 2087 |
| Huntsville, Alabama 35801 | Huntsville, Alabama 35804 |
| teri@mastandoartrip.com | tpb@lanierford.com |
| artrip@mastandoartrip.com | zbr@lanierford.com |

<pre>
                                        /s/ Clay R. Carr
                                        OF COUNSEL
</pre>